# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**PATRICK EVANS CLARK,**     **PETITIONER**

v.     **No. 2:07CV227-M-A**

**LAWRENCE KELLY, ET AL.**     **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Patrick Evans Clark for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

### Facts and Procedural Posture

On February 12, 1999, Patrick Evans Clark pled guilty to capital murder in the Circuit Court of Panola County, Mississippi, First Judicial District and was sentenced to serve a term of life imprisonment without parole in the custody of the Mississippi Department of Corrections. By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. Clark filed an application for post-conviction collateral relief March, 30, 2001 (signed January 4, 2001). The trial court dismissed Clark's petition July 9, 2001. Clark appealed this decision on September 28, 2001. On January 14, 2003, the Mississippi Court of Appeals affirmed the Panola County Circuit Court's dismissal of Clark's application for post-conviction relief. *Clark v.* State, 834 So.2d 747 (Miss. App. 2003)(Cause No. 2001-CP-01853-COA).

Clark filed a second application for post-conviction relief in the Panola County Circuit Court June 17, 2003. The trial court dismissed this second petition as successive on October 17,

2003. Clark appealed this decision on October 28, 2003. On October 12, 2004, the Mississippi Court of Appeals affirmed the trial court's dismissal of Clark's second application for post-conviction relief. *Clark v. State*, 898 So.2d 687, *reh'g. denied* February 1, 2005, *cert. denied* April 14, 2005 (Miss.App. 2004) (Cause No. 2003-CP-02437-COA).

Clark then filed a "Motion to Vacate Judgment and Sentence" in the Panola County Circuit Court on August 2, 2005. On September 22, 2005, the trial court, treating the motion as a third application for post-conviction relief, again denied the application. Clark appealed this decision on October 17, 2005. On November 7, 2006, the Mississippi Court of Appeals affirmed the trial court's decision. *Clark v. State*, 960 So.2d 521, *reh'g. denied* March 20, 2007 (Miss. App. 2006) (Cause No. 2005-CP-01977-COA). Clark filed the instant federal petition for a writ of *habeas corpus* December 5, 2007; he signed the petition on December 3, 2007.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

There is no statutory right in Mississippi to a direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The Mississippi Supreme Court has, however created an exception, permitting appeal from a guilty plea – within thirty days of entry of judgment – when the petitioner claims that the sentence imposed was illegal. *Acker v. State*, 797 So.2d 966 (Miss. 2001). Clark's judgment thus became final March 15, 1999[1], thirty days (the period of time allowed for seeking appellate review of an alleged illegal sentence under state law) after he was sentenced on his guilty plea. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, his initial deadline for seeking federal *habeas corpus* relief expired a year later on March 15, 2000. Clark signed his first application for post-conviction relief January 4, 2001 – 295 days *after* the federal *habeas corpus* deadline expired. As such, neither this application nor the others filed afterwards invoke statutory tolling of the federal limitations period.

**Equitable Tolling**

Neither can Clark invoke equitable tolling of the federal limitations period based upon his claims of actual innocence. Actual innocence does not stand as a separate rationale for overcoming the one-year limitations period of § 2244(d); such claims are only "relevant to the

---

[1] Calculation of February 12, 1999, plus thirty days resulted in a date of March 14, 1999, which fell on a Sunday. As such, the court has placed the date Clark's conviction became final on the next available court business day, Monday, March 15, 1999.

timeliness of [Clark's] petition if they justify equitable tolling of the limitations period." *Cousin v. Lensing*, 310 F.3d 843 (2002). The petitioner does not, however, allege any "rare and exceptional" circumstance to warrant equitable tolling, such as having been actively misled or in some extraordinary way prevented from timely filing his federal *habeas corpus* petition. *Ott v. Johnson,* 192 F.3d at 513-14. As such, he may not enjoy equitable tolling.

## Timeliness Calculation

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on December 5, 2007, and the date it was received and stamped as "filed" in the district court on December 7, 2007. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 2,821 days after the March 15, 2000, filing deadline. The instant petition shall therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

SO ORDERED, this the 1st day of August, 2008.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI